MARVIN, Judge.
Scott appeals his judicial commitment under the Mental Health Law, LRS 28:1 et seq., to the Central Louisiana State Hospital, contending that he should have not been committed to a particular institution, that the Mental Retardation Law (LRS 28:380 et seq., effective August 1, 1983) should apply to him instead, and that in any event, the evidence taken at the hearing does not meet the statutory burden of proof under the Mental Health Law.
We agree with Scott’s latter contention, reverse the commitment, and do not reach Scott’s other contentions.
The state sought the commitment under the Mental Health Law by petition filed on March 14, 1983. The trial court appointed counsel for Scott and ordered Drs. Dennie and Kahout to independently examine Scott and to file written reports with the court pursuant to LRS 28:54(D). No reports had been filed by these doctors when the commitment hearing was held on April 14,1983.
Dr. Marouner, who was the state’s director of mental health and substance abuse programs in the northern-most 29 parishes of the state, was the only witness at the hearing. He had never examined Scott but had reviewed a “partial packet” of Scott’s records from the Feliciana Forensic Facility where Scott had been confined. He also said he had reviewed Scott’s record at the mental health center in Jonesboro. Dr. Marouner identified a letter from Dr. Ahab of the Feliciana Forensic Facility written about a month before the action was filed to a judge of the 2d Judicial District Court. This letter recommended that civil commitment proceedings be instituted against Scott. Over the objections of Scott’s counsel, the court allowed Dr. Marouner’s testimony about Scott’s mental state and thereafter rendered the judgment committing Scott.
LRS 28:55, the statute under which the state proceeded, requires the court to find “by clear and convincing evidence that the respondent is dangerous to [himjself or others or is gravely disabled, as a result of substance abuse or mental illness, ...” before rendering a judgment of commitment. Subpart E. Under the circumstances shown, the state has not met its statutory burden. At best, and even' assuming the admissibility of the contents of the Dr. Ahab letter, the mental condition of Scott after the institution of the action has sim *730 ply not been shown by any [clear and convincing] evidence.
The judgment appealed is reversed and this cause is remanded with directions that the state, through the District Attorney, be ordered to reinstitute proceedings to promptly determine in accord with law, whether or not, and the degree to which, Scott may require commitment because of his mental state. Compare State v. Williams, 392 So.2d 641 (La.1980).
REVERSED and REMANDED.